﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 201105-117620
DATE: February 26, 2021

ORDER

Entitlement to a schedular evaluation in excess of 10 percent for bilateral hearing loss is denied.

REMANDED

Entitlement to a rating in excess of 10 percent for bilateral hearing loss on an extraschedular basis is remanded.

Entitlement to service connection for an acquired psychiatric disorder, to include depression, as secondary to the Veteran’s service-connected bilateral hearing loss.

Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disability.

FINDINGS OF FACT

1. The Veteran's bilateral hearing loss was manifested by level I acuity in the right ear and level XI acuity in the left ear.

2. A disability rating higher than 10 percent for bilateral hearing loss is not warranted on a schedular basis based on audiological findings. 

CONCLUSION OF LAW

The criteria for a schedular rating in excess of 10 percent for bilateral hearing loss are not met. 38 U.S.C.§1155; 38 C.F.R.§§4.85, 4.86, Diagnostic Code (DC) 6100, and Tables VI, VII.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran had active service from April 1962 to April 1964. 

The Veteran filed a claim for an increased evaluation for bilateral hearing loss that was received on October 1, 2018. A December 2018 rating decision continued the 10 percent evaluation. On August 15, 2020, the Veteran filed a VA Form 20-0995 Supplemental Claim requesting an increased evaluation of bilateral hearing loss. An October 2020 rating decision continued the 10 percent evaluation. The Veteran submitted a VA Form 10182 that was received on November 5, 2020, requesting direct review under the Appeals Modernization Act (AMA). 38 U.S.C. § 5104C (a)(1); 38 C.F.R. § 3.2500 (a). Under direct review, a Board decision is based on the evidence at the time of the prior decision. The Board cannot hold a hearing or accept additional evidence into the record in its direct review. 38 C.F.R. § 20.301. 

Entitlement to a higher evaluation for bilateral hearing loss, which is currently 10 percent disabling

Increased rating

Disability evaluations are determined by the application of a schedule of ratings which is based on average impairment of earning capacity. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability. 38 C.F.R.§4.1. Separate diagnostic codes identify the various disabilities. 38 U.S.C.§1155; 38 C.F.R. Part 4. 

In evaluating service-connected hearing loss, disability evaluations are derived from a mechanical application of the rating schedule to numeric designations assigned after audiometric evaluations are performed. Lendenmann v. Principi, 3 Vet. App. 345 (1992). Evaluations of bilateral hearing loss range from noncompensable (0 percent) to 100 percent based on organic impairment of hearing acuity. Audiological examinations used to measure impairment must be conducted by a state-licensed audiologist and must include a controlled speech discrimination test (Maryland CNC) and pure tone audiometric tests. 38 C.F.R. § 4.85(a).

The Ratings Schedule provides a table for rating purposes (Table VI) to determine a Roman numeral designation (I for essential normal acuity through XI for profound deafness) for hearing impairment, based upon a combination of the percent of the speech discrimination and pure tone threshold average which is the sum of the pure tone thresholds at 1000, 2000, 3000 and 4000 Hertz, divided by four. 38 C.F.R. § 4.8, Diagnostic Code 6100.

Table VII is used to determine the percentage evaluation by combining the Roman numeral designations for hearing impairment of each ear. The horizontal row represents the ear having the poorer hearing and the vertical column represents the ear having the better hearing. Id.

Table VIIa may be used for exceptional patterns of hearing impairment under 38 C.F.R. § 4.86 (a) and (b). When the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz) is 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. Each ear will be evaluated separately. 38 C.F.R. § 4.86(a).

When the pure tone threshold is 30 decibels or less at 1000 Hertz, and 70 decibels or more at 2000 Hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. That numeral will then be elevated to the next higher Roman numeral. Each ear will be evaluated separately. 38 C.F.R. § 4.86(b).

Analysis

As was noted previously, the Veteran filed a VA Form 20-0995 Supplemental Claim that was received on August 15, 2020. An October 2020 rating decision addressed the claim on the merits and continued the 10 percent evaluation for bilateral hearing loss. The Veteran filed a VA Form 10182 Board Appeal that was received on November 5, 2020. 

The Veteran was afforded a VA examination in September 2020. Audiological evaluation revealed that puretone thresholds, in decibels were as follows:

HERTZ

 1000 2000 3000 4000 Average

RIGHT 25 20 35 60 35

LEFT 85 80 105 105 94

Speech recognition scores, using the Maryland CNC Word List, were 94 percent in the right ear and 0 percent in the left ear.

When applying the pure tone averages and speech recognition scores to Table VI, the audiometric test results show that the Veteran’s had hearing acuity of Level I in the right ear and Level XI in the left ear. The Board then applies those levels to Table VII, which results in a 10 percent evaluation for the Veteran's bilateral hearing loss. Evaluation of the Veteran’s hearing disability as an exceptional pattern of left ear hearing loss under Table VIa does not change the result. 38 C.F.R. § 4.86(a). 

An evaluation of 10 percent is assigned because the Veteran’s right ear has a speech discrimination of 94 with an average decibel loss of 35 and his left ear has a speech discrimination of 0 with an average decibel loss of 94. The evaluation for hearing loss is based on objective testing. Higher evaluations are assigned for more severe hearing impairment. 38 C.F.R. § 4.85.

The Veteran has asserted that he is entitled to a higher rating because he is completely deaf in the left ear. However, disability ratings for hearing impairment are derived by a mechanical application of the rating schedule to the numeric designations assigned after audiometric evaluations are rendered. Lendenmann v. Principi, 3 Vet. App. 345 (1992). The rating contemplates the impact of the right and left ear hearing acuity combined on functionality. A complete loss of hearing in one ear does not result yield the 50 percent rating the Veteran is seeking under the rating schedule.

The Board acknowledges the Veteran’s assertions that his hearing loss is severe and affects his daily life. He is competent to attest to factual matters of which he has first-hand knowledge, such as perceived hearing difficulty. Layno v. Brown, 6 Vet. App. 465 (1994). However, a determination of whether his perceived hearing difficulty is an actual loss of hearing acuity due to loss of sensorineural functionality requires medical testing and is not subject to lay evidence. Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011). As noted above, in hearing impairment cases, the Board is required to follow a mechanical application of the rating schedule to the numeric designations assigned after audiometric evaluations are rendered. Lendenmann v. Principi, 3 Vet. App. 345 (1992). 

Accordingly, a disability rating higher than 10 percent for bilateral hearing loss is not warranted on a schedular basis based on any audiological findings of record. Therefore, entitlement to a rating in excess of 10 percent for the Veteran’s bilateral hearing loss on a schedular basis is denied. 

REASONS FOR REMAND

Entitlement to a rating in excess of 10 percent for bilateral hearing loss on an extraschedular basis

VA's schedule of disability ratings is based on the average impairment in earning capacity in civil occupations from specific injuries or combinations of injuries. 38 U.S.C. § 1155; 38 C.F.R. § 3.321(a). However, "[t]o accord justice" in the "exceptional case where the schedular evaluations are found to be inadequate," the VA Under Secretary for Benefits or the Director of the Compensation and Pension Service is authorized to approve an "extra-schedular evaluation for impairments that are due to service-connected disability or disabilities." 38 C.F.R. § 3.321(b)(1). "The governing norm in these exceptional cases is a finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization as to render impractical the application of the regular schedular standards." Id. 

Audiological testing shows that the Veteran is profoundly deaf in his left ear. In this case, bilateral hearing loss with profound deafness in left ear, with a lesser hearing loss in the right ear, results in a 10 percent rating under the rating criteria. However, pursuant to 38 C.F.R. § 4.86(a), the Veteran’s left ear hearing loss constitutes an exceptional pattern of hearing impairment and the Veteran has presented evidence that his bilateral hearing disability has caused functional impact including “marked interference with employability.” The Board notes that the Court held in Doucette v. Shulkin, 28 Vet. App. 366 (2017), that the functional effects of the hearing loss are precisely the type of impairment contemplated by the schedular rating criteria. However, the Board distinguishes this case from Doucette, as the Veteran and his wife have asserted examples of marked interference with his employment, due to his service-connected bilateral hearing loss, which are beyond the "functional effects" of bilateral hearing loss that are contemplated in Doucette. The Veteran submitted a statement in October 2011 wherein he stated that he had to retire early from his job because he was unable to understand or hear clients or coworkers. In June 2016, the Veteran submitted a statement that he had to retire early due to his inability to hear or understand clients or supervisors, and this caused a very difficult financial situation. 

The Board finds that referral for consideration of an extraschedular rating is appropriate where the rating schedule inadequately addresses the functional impact of the Veteran’s disability and the Veteran has asserted marked interference with employment, and that the criteria for referral for an opinion regarding entitlement to an extraschedular rating for bilateral hearing loss from the Undersecretary for Benefits or the Director of VBA's Compensation service are met in this case. The AOJ’s failure to refer for consideration of an extraschedular rating that was raised by the record constitutes a pre-decisional duty to assist error requiring remand. 

Entitlement to service connection for a psychiatric disorder, to include depression, as secondary to the Veteran’s service-connected bilateral hearing loss

The Veteran and his wife have asserted that the Veteran has also experienced depression in connection with his bilateral hearing loss. A July 2018 statement by the Veteran’s wife indicates that due to the Veteran’s hearing loss he “is now talking suicide.” The Veteran submitted a statement in January 2019 that his hearing loss has caused depression. The Veteran submitted a statement in August 2019 that his hearing loss causes depression and “bad thoughts.” The Veteran and his wife are competent to make these statements. Layno v. Brown, 6 Vet. App. 465 (1994). Moreover, it was recently held in Bailey v. Wilkie, No. 19-2661 (January 6, 2021) that in addition to considering entitlement to increased benefits, VA must consider entitlement to any additional benefits due to complications from the disability, and it is not necessary that the Veteran file a formal claim for service connection for such additional disability. 

As the Veteran’s assertions were of record at the time of the rating action on appeal, this action is made necessary due to a pre-decisional violation of the duty to assist.

Entitlement to a total disability rating based on unemployability 

The Board finds that a claim for total disability rating based on unemployability (TDIU) has been raised as an included claim within the Veteran’s claim for an increased rating for bilateral hearing loss and is therefore an additional issue for appellate review. Rice v. Shinseki, 22 Vet. App. 447 (2009). 

The Board does not have jurisdiction to grant a TDIU in the first instance because the Veteran does not meet the percentage requirements for a schedular TDIU rating in 38 C.F.R. § 4.16(a). Nonetheless, the Board can review the record and determine whether an appropriate case is to be referred to the Director of the VA Compensation Service (Director) or Undersecretary for Benefits for such extraschedular consideration. Bowling v. Principi, 15 Vet. App. 1, 8-10 (2001). It is the established policy of the Department of Veterans Affairs that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. Therefore, rating boards should submit to the Director, Compensation Service, for extra-schedular consideration all cases of veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in paragraph (a). 38 C.F.R. § 4.16 (b). 

In Ray v. Wilkie, 31 Vet. App. 58 (2019), the Court held that the finding that an extra-schedular referral is warranted under 38 C.F.R. § 4.16(b) is based on an evidentiary threshold that is lower than that for the decision to award an extra-schedular rating. The Court held that the initial extra-schedular referral under 4.16(b) addresses whether there is sufficient evidence to substantiate a reasonable possibility that a veteran is unemployable by reasons of his or her service-

The Board finds that the issue of entitlement to an extraschedular TDIU should be deferred in order for the completion of the development requested with respect to the issue of entitlement to a rating in excess of 10 percent for bilateral hearing loss on an extraschedular basis and for the AOJ to undertake any necessary development to determine to what extent the Veteran's service-connected bilateral hearing loss negatively impacted the Veteran’s employability. The Veteran’s assertions concerning the impact of his hearing loss on his employability were also of record at the time of the rating action on appeal such that this development is also made necessary due to a pre-decisional violation of the duty to assist. 

The matter is REMANDED for the following action: 

1. The AOJ must refer the Veteran's claim to VA's Director of Compensation Services or the Undersecretary for Benefits for adjudication of entitlement to an extraschedular rating for bilateral hearing loss under the provisions of 38 C.F.R. § 3.321 (b)(1). 

2. The RO should also adjudicate the issue of entitlement to an acquired psychiatric disorder, to include depression, as secondary to the Veteran’s service-connected bilateral hearing loss.

 

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Debra B. McLoughlin, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.